J-S18029-18

2018 PA Super 187

| | | |
|---|---|---|
| WEBB-BENJAMIN, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| INTERNATIONAL RUG GROUP, LLC, D/B/A INTERNATIONAL RETAIL GROUP, A CONNECTICUT LIMITED LIABILITY COMPANY | : : : : : | No. 1514 WDA 2017 |

Appeal from the Order Entered September 7, 2017
in the Court of Common Pleas of Westmoreland County,
Civil Division at No(s):  2865 of 2017

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

OPINION BY MUSMANNO, J.:                    **FILED JUNE 28, 2018**

Webb-Benjamin, LLC ("WB"), a Pennsylvania Limited Liability Company, appeals from the Order sustaining the Preliminary Objections filed by International Rug Group, LLC, d/b/a International Retail Group ("IRG"), a Connecticut Limited Liability Company, and dismissing WB's Complaint.  We reverse and remand for further proceedings.

WB is a Pennsylvania company that provides assistance and support in arranging and administering home furnishing sale events.  Complaint, 7/25/17, at ¶ 3.  IRG is a Connecticut company, registered to do business in Pennsylvania, that arranges and administers sales events for sellers of home furnishings.  *Id.* at ¶ 4.  In 2016, WB contracted with IRG to retain a client, Eisenbergs' Fine Furniture of Calgary ("Eisenbergs"), for IRG, and to render services related to a furniture sale for Eisenbergs in Calgary, Canada (the

"Eisenbergs sale"), in exchange for commissions on the furnishings sold. IRG agreed to make weekly payments to WB, based on a percentage of gross sales, and a single payment at the conclusion of the Eisenbergs sale, based on a percentage of gross profits. In January 2017, the parties "ended their relationship" and "agreed … that WB would be entitled to its agreed-upon sales commission for the duration of the Eisenbergs [e]vent." *Id.* at ¶ 8. Subsequently, on February 25, 2017, IRG registered to do business in Pennsylvania as a foreign association. Following the conclusion of the Eisenbergs sale in May 2017, IRG failed to pay WB for the outstanding agreed upon commissions from the sale.

WB filed a Complaint, and subsequently an Amended Complaint, against IRG in the Court of Common Pleas of Westmoreland County, Pennsylvania, alleging breach of contract. IRG filed Preliminary Objections, alleging that (1) Pennsylvania lacked personal jurisdiction over IRG;[1] (2) WB's Complaint lacked sufficient factual specificity; and (3) WB's breach of contract claim is legally deficient. The trial court sustained IRG's Preliminary Objection as to lack of jurisdiction, and dismissed the case. The trial court found that 42

---

[1] "Under 42 Pa.C.S.A. §§ 5301-5329, Pennsylvania courts may exercise two types of jurisdiction over a non-resident defendant." *Nutrition Mgmt. Servs. Co. v. Hinchcliff*, 926 A.2d 531, 536 n.2 (Pa. Super. 2007). "The first type is general jurisdiction, which is founded upon the defendant's general activities within the forum, as evidenced by systematic contacts with the state." *Id.* "The second type is specific jurisdiction, which is premised upon the particular acts of the defendant that gave rise to the underlying cause of action." *Id.*

Pa.C.S.A. § 5301 does not provide jurisdiction over claims that are based on events that occurred prior to a foreign association's registration in Pennsylvania. *See* Trial Court Order, 9/6/17, at 2-3. The trial court held that because the "incidents forming the basis of [WB's suit]" occurred prior to IRG's registration, the court had no jurisdiction over WB's claims against IRG. *Id.* The trial court did not address the remaining Preliminary Objections. WB filed a timely appeal.

WB's issues on appeal are as follows:

1. Where a foreign entity is registered to do business in Pennsylvania when the plaintiff files its complaint, whether the trial court can assert general, personal jurisdiction over such entity under the foreign registration provisions of 42 Pa.C.S.A. §[]5301(a)(2)(i) with respect to acts, transactions or omissions occurring prior to such foreign registration?

2. Where a foreign entity is registered to do business in Pennsylvania when the plaintiff's cause of action arose, whether the trial court has sufficient basis to assert general, personal jurisdiction over such entity[,] under the foreign registration provisions of 42 Pa.C.S.A. §[]5301(a)(2)(i)[,] where such cause of action is related to transactions occurring prior to such foreign registration?

3. Where a foreign entity is registered to do business in Pennsylvania, whether the trial court has sufficient basis to assert general, personal jurisdiction over such entity under the foreign registration provisions of 42 Pa.C.S.A. §[]5301(a)(2)(i) with respect to a cause of action arising [out] of acts, transactions or omissions occurring both before and after such foreign registration?

Brief for Appellant at 4-5.

When deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the non-moving party. This Court will reverse

the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion. Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it. Courts must resolve the question of personal jurisdiction based on the circumstances of each particular case.

*Mendel v. Williams*, 53 A.3d 810, 816–17 (Pa. Super. 2012) (citation omitted).

WB asserts that the Pennsylvania court has general personal jurisdiction, pursuant to 42 Pa.C.S.A. § 5301,[2] based on IRG's registration as a foreign association in Pennsylvania. Brief for Appellant at 9-11. WB argues that the text of 42 Pa.C.S.A. § 5301 makes no mention of precluding claims that are based on events that occurred prior to the foreign association's registration in Pennsylvania. *See* Brief for Appellant at 9-19. Further, WB argues that following IRG's registration in Pennsylvania, (1) the Eisenbergs sale continued for several months, (2) IRG breached its agreement to pay the commissions owed to WB, and (3) the Complaint was filed. *See id.* at 13.

Initially, we observe that

[t]he objective of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. Generally, the best indication of the General Assembly's intent is the plain language of the statute. When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent. When, however, the words of a statute are ambiguous, a number of factors are used in

---

[2] While WB cites to section 5301(a)(2) in support of its argument, IRG registered in Pennsylvania as a Limited Liability Company. Thus, section 5301(a)(3) is the applicable statute.

- 4 -

determining legislative intent. Furthermore, it is axiomatic that in determining legislative intent, all sections of a statute must be read together and in conjunction with each other, and construed with reference to the entire statute. Moreover, statutes are considered to be *in pari materia* when they relate to the same persons or things, and statutes or parts of statutes *in pari materia* shall be construed together, if possible. Courts are required, if possible, to give effect to each provision or subsection of the statute.

*Allstate Life Ins. Co. v. Commonwealth*, 52 A.3d 1077, 1080–81 (Pa.

2012) (quotation marks, citations and brackets omitted).

Section 5301, in pertinent part, provides as follows:

**(a) General rule.--**The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:

\* \* \*

(3) Partnerships, limited partnerships, partnership associations, professional associations, unincorporated associations and similar entities.—

(i) Formation under or qualification as a foreign entity under the laws of this Commonwealth.

(ii) Consent, to the extent authorized by the consent.

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

**(b) Scope of jurisdiction.--**When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section. Discontinuance of the acts enumerated in subsection (a)(2)(i) and (iii) and (3)(i) and (iii) shall not affect jurisdiction

with respect to any act, transaction or omission occurring during the period such status existed.

42 Pa.C.S.A. § 5301.

The plain language of 42 Pa.C.S.A. § 5301 does not expressly limit jurisdiction to only those events that occur during a foreign association's registration in Pennsylvania. Although section 5301(b) contains a temporal provision allowing for jurisdiction over a foreign association that has withdrawn its registration in Pennsylvania, **see** 42 Pa.C.S.A. § 5301(b), section 5301(a) does not preclude jurisdiction for acts committed prior to registration. Lacking any ambiguity in the text, we cannot disregard its express language. **See Allstate Life Insurance Co.**, 52 A.3d at 1080-81. Thus, general personal jurisdiction under 42 Pa.C.S.A. § 5301(a)(3) does not preclude claims against foreign associations registered in Pennsylvania arising from events that occurred prior to registration.[3]

However, IRG alleges that even if section 42 Pa.C.S.A. § 5301 provides a basis for jurisdiction, the court may not exercise jurisdiction because IRG's registration as a foreign association in Pennsylvania does not satisfy the Due

---

[3] We are not persuaded by the holdings of the United States District Court for the Western District of Pennsylvania in **Enterprise Rent-A-Car Wage & Hour Practices Litig.**, 735 F. Supp. 2d. 277 (W.D. Pa. 2010), and **George v. A.W. Chesterton Co.**, 2016 WL 4945331 (W.D. Pa. 2016). **Enterprise** is a direct application of section 5301(b), and is inapplicable to the case *sub judice*. The court in **George** applied **Enterprise**'s analysis of section 5301(b) to section 5301(a), despite there being no language in the statute for that assertion. For the aforementioned reasons, we decline to follow suit.

Process Clause of the Fourteenth Amendment, following the United States Supreme Court's ruling in **Daimler AG v. Bauman**, 571 U.S. 117, 138 (2014). **See** Brief for Appellee at 10-17.

In **Daimler**, residents of Argentina brought a claim against DaimlerChrysler Aktiengesellschaft ("Daimler"), a German company, in California Federal District Court. **Daimler**, 571 U.S. at 120. The plaintiffs asserted that the California court had personal jurisdiction over Daimler, under California's long-arm statute, based on a subsidiary of Daimler having contacts with California. **Id.** at 121. The Court disagreed, holding that in order for a court to pass Due Process muster in its exercise of personal jurisdiction over a nonresident, the nonresident's "affiliations with the state [must be] so continuous and systematic as to render it essentially at home in the forum state." **Daimler**, 571 U.S. at 138-39 (quotation marks, brackets and capitalizations omitted).

IRG contends that its registration as a foreign association in Pennsylvania is not sufficient to "render [it] essentially at home" in Pennsylvania, and therefore, Pennsylvania may not exercise personal jurisdiction. **See** Brief for Appellee at 15-17.

*Daimler*, however, makes a clear distinction between jurisdiction by consent,[4] and the method of establishing personal jurisdiction that forms the basis of its analysis and holding. *See Daimler*, 571 U.S. at 129. While Pennsylvania courts have not discussed this distinction following the *Daimler* decision, federal courts in Pennsylvania have analyzed 42 Pa.C.S.A. § 5301, in light of *Daimler*, and determined that it has no effect on jurisdiction by consent.

In *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648 (E.D. Pa. 2016), Nancy Bors ("Bors"), a Pennsylvania resident, sued Imerys Talc America, Inc. ("Imerys"), and Johnson and Johnson in the United States District Court for the Eastern District of Pennsylvania. *Id.* at 650-51. Imerys filed preliminary objections alleging, in part, a lack of personal jurisdiction pursuant to *Daimler*. *Id.* at 651. Imerys argued that it had no contact with Pennsylvania outside of its registration to do business in Pennsylvania. *Id.* Bors argued

---

[4] Prior to *Daimler*, the United States Supreme Court consistently "upheld state procedures which find constructive consent to the personal jurisdiction of the state court in the voluntary use of certain state procedures." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982). Pennsylvania established 42 Pa.C.S.A. § 5301, which provides that a non-resident of Pennsylvania consents to general personal jurisdiction in Pennsylvania by registering to do business there. *See Simmers v. Am. Cyanamid Corp.*, 576 A.2d 376, 382 (Pa. Super. 1990) (stating that "[w]hen jurisdiction is based upon a foreign corporation's … consent, *i.e.*, when the corporation … has voluntarily registered itself to do business here, the courts of this Commonwealth may exercise [general personal] jurisdiction over the foreign corporation….").

that Imerys consented to Pennsylvania's exercise of personal jurisdiction, pursuant to 42 Pa.C.S.A. § 5301, by registering to do business in Pennsylvania. *Id.* at 651-52. The federal district court agreed with Bors, holding that

> [c]onsent remains a valid form of establishing personal jurisdiction under [42 Pa.C.S.A. § 5301] after **Daimler**. The Supreme Court did not eliminate consent. Parties can agree to waive challenges to personal jurisdiction by … registering to do business under a statute which *specifically advises the registrant of its consent by registration*.

*Id.* at 655 (emphasis added).

In **Gorton v. Air & Liquid Sys. Corp**., 2018 WL 1385531, at *12 (M.D. Pa. 2018), Thomas Gorton ("Gorton") filed suit against numerous defendants, alleging that he contracted mesothelioma as a result of his exposure to asbestos while working for, or coming into contact with products manufactured, supplied, or distributed by, the defendants. **Gorton**, 2018 WL 1385531, at *2. The defendants filed a motion to dismiss alleging, in part, a lack of personal jurisdiction. *Id.* at *1. They argued that pursuant to **Daimler**, consent by registration was no longer a valid method of obtaining personal jurisdiction. *Id.* at *10. The Court, citing **Bors**, disagreed, holding that "under section 5301[,] a corporation that applies for and receives a certificate of authority to do business in Pennsylvania consents to the general jurisdiction of state and federal courts in Pennsylvania." *Id.* at *11.

Guided by the reasoning in **Bors** and **Gorton**, we conclude that **Daimler** does not eliminate consent as a method of obtaining personal jurisdiction.

Accordingly, pursuant to 42 Pa.C.S.A. § 5301, Pennsylvania may exercise general personal jurisdiction over WB's claims against IRG.[5]  Thus, we reverse the Order and remand for further proceedings.[6]

Order reversed.  Case remanded for further proceedings consistent with this Opinion.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/28/2018

---

[5] *See United Farm Bureau Mut. Ins. Co. v. U.S. Fid. & Guar. Co.*, 462 A.2d 1300, 1304 (Pa. 1983) (stating that "[j]urisdiction over corporations can be exercised if the corporation is incorporated or qualifies as a foreign corporation under the laws of Pennsylvania, or has consented to the exercise of jurisdiction, or carries on a continuous and systematic part of its general business within the Commonwealth.").

[6] The trial court must dispose of the remaining Preliminary Objections on remand.