Michael C. PARASTINO, Appellant,

v.

Lisa LATHROP, Appellee.

Superior Court of Pennsylvania.

Argued March 5, 1997.

Filed July 15, 1997.

---

Charles W. Campbell, Norristown, for appellant.

Charles M.J. Nester, Pottstown, for appellee.

Before McEWEN, President Judge, and DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge.

This is an appeal from an order overruling Plaintiff's preliminary objections, sustaining Defendant's preliminary objections, and dismissing Plaintiff's complaint with prejudice. We vacate and remand for further proceedings.

Plaintiff claims that the trial court erred in failing to grant Plaintiff the right to plead over, in holding that service had been made in conformity with Pa.R.Civ.P. 440, and in dismissing the complaint with prejudice.

On June 13, 1995, Plaintiff filed an action for breach of contract against Defendant, his wife. On July 11, 1995, Plaintiff sent a letter to counsel for defendant, stating that he would be residing at 210 Buchanon Street. On July 26, 1995, counsel for Defendant filed preliminary objections and a memorandum of law with a notice to plead. Copies of the documents were sent by mail to Plaintiff's 210 Buchanon Street address.

Because no written response was filed to the preliminary objections within twenty days, Pa.R.Civ.P. 1026, Defendant requested the court to grant her preliminary objections as unopposed. Plaintiff then filed preliminary objections to preliminary objections, alleging that he had never been served with Defendant's preliminary objections. On June 20, 1996, the trial court entered an order overruling Plaintiff's preliminary objections, sustaining Defendant's preliminary objections and dismissing Plaintiff's complaint with prejudice.

Plaintiff claims that the trial court erred in sustaining Defendant's preliminary objections, because service of the preliminary objections had not been made in conformity with Pa.R.Civ.P. 440. We find no merit in this contention.

The service of process rules must be strictly followed. *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 221 A.2d 185 (1966). Pennsylvania Rule of Civil Procedure 440(a)(2) states that if there is no attorney of record, copies of all legal papers other than original process filed in an action can be served by mailing a copy to the last known address of the party to be served.

Plaintiff sent Defendant's attorney a letter stating that his new address would be 210 Buchanon Street. Then, Defendant's attorney mailed preliminary objections to that address. The fact that Plaintiff did not live there is irrelevant because Plaintiff informed Defendant's counsel that that would be his new address. *Cody v. Cody*, 408 Pa. 301, 183 A.2d 534, (1962) (mailing to the address given by the party bringing the action is sufficient service).

Next, Plaintiff claims that the trial court erred in failing to allow him to plead over, after his preliminary objections were overruled. We agree.

Pennsylvania Rule of Civil Procedure 1028(d) clearly states that "if the preliminary objections are overruled, the objecting party *shall* have the right to plead over within twenty days after notice of the order . . . ." (Emphasis added.) The trial court erred in not allowing Plaintiff to respond to Defendant's preliminary objections (i.e. plead over) after Plaintiff's preliminary objections were overruled. *International Lands, Inc. v. Fineman*, 285 Pa.Super. 548, 428 A.2d 181 (1981) (objecting party has absolute right to

plead over where preliminary objections are overruled).

■ We would also point out that according to the notes following Rule 1028, when preliminary objections are based on pendency of a prior action, they cannot be determined from the facts of record. Instead, they must be endorsed with a notice to plead and the non-objecting party must therefore be given an opportunity to respond.

In this case, Defendant's preliminary objections alleged that "the parties are presently engaged in an action pending in the Court of Common Pleas of Berks County, Pennsylvania...." Plaintiff denies that the action is still pending. Therefore Plaintiff must be given an opportunity to respond to Defendant's averments. The trial court erred in determining the preliminary objections solely from the defendants allegations of fact and in not giving Plaintiff an opportunity to respond.

Because of our disposition, we need not consider Plaintiff's third contention.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

McEWEN, President Judge, concurs in the result.