J-E02001-19

2020 PA Super 149

| | | |
|---|---|---|
| KENNETH MURRAY, ROBERT SCHNALL, MICHAEL SCOTT, JOHN SENESE, JOHN SHURINA,  JOHN SIGNORILE, KEVIN SOKOL, ANTHONY TRICARICO, FRANK VENTRELLA, JOSPH VITALE, PATRICK VOGT, HENRY WHITE, WILLIAM WHITE, THOMAS WOSKA AND WILLIAM YOUNGSON, | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 2105 EDA 2016 |
| Appellants | : : : : : | |
| v. | : : : : | |
| AMERICAN LAFRANCE, LLC AND FEDERAL SIGNAL CORPORATION | : : | |

Appeal from the Order May 25, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  November Term, 2015 No. 02536

| | | |
|---|---|---|
| ANDREW BURNS, DOUGLAS KALBACHER, MICHAEL KOZAK, KEVIN KUBLER,  JAMES LEMONDA, JOSEPH LOCHER, PATRICK LYONS, JOHN P. MALLEY, JOE MASTERSON, BRIAN MCDADE, KEVIN MCENERY, WILLIAM MONTEVERDE, VINCENT MOSCA, GERARD MURTHA, KEITH PALUMBO, JOEL PATTI, RICHARD PEITLER, DONALD REILLY, MARIO ROSATO, ROBERT RYAN AND FRANCIS TRAPANI | : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 2106 EDA 2016 |
| Appellants | : : : : | |
| v. | : : : : : : | |

AMERICAN LAFRANCE, LLC AND : 
FEDERAL SIGNAL CORPORATION

Appeal from the Order May 25, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): November Term, 2015 No. 02494

| | | |
|---|---|---|
| MIGUEL MORENO, NEIL MULLINS, | : | IN THE SUPERIOR COURT OF |
| JOHN NEVOLA, ROBERT O'FLAHERTY, | : | PENNSYLVANIA |
| JAMES O'ROURKE, MICHAEL | : | |
| PAGLIUCA, SAMUEL PANASCI, | : | |
| RONALD PATTILIO, JOEL PERECA, | : | |
| DANIEL PERITORE, VINCENT PINTO, | : | |
| CHRISTOPHER RAMOS, ROBERT | : | |
| REICH, ROCCO RINALDI, JAMES | : | |
| RUSSO, GREGORY SALONE, JAMES | : | No. 2107 EDA 2016 |
| SAVARESE, WILLIAM SCHEU, | : | |
| KENNETH SMITH, JOHN SULLIVAN | : | |
| AND WARREN TERRY | : | |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AMERICAN LAFRANCE, LLC AND | : | |
| FEDERAL SIGNAL CORPORATION | : | |

Appeal from the Order May 25, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): November Term, 2015 No. 02522

| | | |
|---|---|---|
| MICHAEL FELDMAN, RONALD | : | IN THE SUPERIOR COURT OF |
| FERRANTE, CHARLES FEYH, DONALD | : | PENNSYLVANIA |
| FLORE, JOHN FORTUNATO, FRANK | : | |
| GACCIONE, ROBERT GLEISSNER, | : | |
| JAMES HELFRICH, FRANK INGOGLIA, | : | |
| ROBERT LABATTO, JOHN LILLIS, | : | |
| THOMAS LYONS, EUGENE | : | |
| MAHLSTED, JAMES MASONE, | : | |
| EDWARD MAURO, SEAN MCCOYD, | : | No. 2108 EDA 2016 |
| JOHN MCGONIGLE, EUGENE | : | |
| MCGOWAN, JR., JOHN MCLAUGHLIN, | : | |
| ERIC  MICHELSEN AND PAUL MILLER | : | |

J-E02001-19

|  | : |  |
| --- | --- | --- |
| Appellants | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| AMERICAN LAFRANCE, LLC AND | : |  |
| FEDERAL SIGNAL CORP. | : |  |

Appeal from the Order May 25, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): November Term, 2015 No. 02514

| RICHARD BARBARISE, JAMES | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| BERGHORN, STEVEN BERNIUS, | : | PENNSYLVANIA |
| VASILIOS CHRISTODOULOU, | : |  |
| GAETANO DIMAURO, JOHN FLYNN, | : |  |
| WILLIAM GRAHAM, PETER | : |  |
| GUNTHER, THOMAS LORELLO, JAMES | : |  |
| MANGRACINA, NORMAN MARSTON, | : |  |
| JOSEPH MAURER, ROBER MCGUIRE, | : |  |
| ROBERT  MOCCIA, JOHN MORABITO | : | No. 2109 EDA 2016 |
| WILLIAM MUNDY, STANLEY | : |  |
| PEACOCK, SALVATORE ROSINA, | : |  |
| DONALD RUDDEN, THOMAS SCALLY, | : |  |
| ROBERT SCHULTZ, PATRICK | : |  |
| SCHWEIGER, RICHARD SCOTT, | : |  |
| FRANK SFORZA, PATRICK SHANNON, | : |  |
| EDMUND SULLIVAN, FREDERICK | : |  |
| SUTTON, FRANCIS ULMER, RICHARD | : |  |
| WALIGOVSKA, PAUL WEIS, JUSTIN | : |  |
| WERNER AND RUDY WICKLEIN | : |  |
|  | : |  |
| Appellants | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| AMERICAN LAFRANCE, LLC AND | : |  |
| FEDERAL SIGNAL CORPORATION | : |  |

Appeal from the Order May 25, 2016

- 3 -

J-E02001-19

In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  December Term, 2015 No. 000187

| | | |
|---|---|---|
| ROOSEVELT ADAMS, ANTHONY ASARO, EUGENE BIANCONE, SALVATORE BONGIOVANNI, STEPHEN BROWN, MICHAEL CAIN, ROBERT CANZONERI, MICHAEL CARLIN, RAYMOND CLANCY, CASEY COLWELL, ROBERT CONDON, CHRISTIAN CORBIN, THOMAS COURTENAY, DANIEL COYLE, RAYMOND CREEDE, AUSTIN CSORNY, FRANK DEANGELO, PATRICK DIMICHELE, JOHN DRISCOLL AND KENNETH ERB | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2110 EDA 2016 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AMERICAN LAFRANCE, LLC AND FEDERAL SIGNAL CORPORATION | : | |
| | : | |

Appeal from the Order May 25, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  November Term, 2015 No. 002490

| | | |
|---|---|---|
| RICHARD ABBOTT, VINCENT ANZELONE, RICHARD BURBAN, DANIEL BUTLER, EDWARD CACHIA, VICTOR CARLUCCI, JOSEPH CLERICI, DERMOTT CLOWE, FRED CORTESE, ANTHONY CUMMO, STEVEN FERRARO, ROCCO FERTOLI, DAVID FISCHBEIN, CHARLES FORTIN, STEVEN GRECO, GARY HOEHING, WILLIAM HOPKINS, GREGORY HORAN, SCOTT HUMMEL, JOSEPH INGRISANI AND RONALD PATTILIO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2111 EDA 2016 |
| | : | |
| | : | |
| | : | |
| | : | |
| Appellants | : | |

```
                                        :
                                        :
                                        :
              v.                        :
                                        :
                                        :
                                        :
   AMERICAN LAFRANCE, LLC AND           :
   FEDERAL SIGNAL CORPORATION           :
```

Appeal from the Order May 25, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): November Term, 2015 No. 002492

BEFORE:  BOWES, J., SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J.,
         DUBOW, J., KUNSELMAN, J., NICHOLS, J., and MURRAY, J.

OPINION BY BOWES, J.:                              Filed: June 25, 2020

Appellants,[1] who comprise several plaintiffs from Massachusetts, New York, and Florida (hereafter "Plaintiffs"), appeal the May 25, 2016 orders sustaining the preliminary objections of Federal Signal Corporation ("Federal Signal"), a Delaware company with its principal place of business in Illinois, and dismissing Plaintiffs' claims for lack of personal jurisdiction.[2] We granted *en banc* review to address whether Pennsylvania has general personal jurisdiction over Federal Signal due exclusively to its 1969 registration with the Pennsylvania Department of State as a foreign corporation pursuant to

---

[1] On March 13, 2017, we granted Plaintiffs' unopposed applications to consolidate the seven appeals for disposition.

[2] Plaintiffs initially sued six companies; however, the claims against all of the defendants except Federal Signal were either dismissed with prejudice or withdrawn.

15 Pa.C.S. § 411(a).[3]  Based upon Plaintiffs' failure to preserve the issue for our review, we affirm.

Plaintiffs sued Federal Signal in Pennsylvania under theories of negligence and strict liability for injuries alleged to have occurred in New York as a result of excessive sound exposure from fire engine sirens that Federal Signal designed and manufactured in Illinois.  Federal Signal filed preliminary objections to the complaints for lack of personal jurisdiction.  It supported the preliminary objection with the affidavit of Ian Hudson, its Vice President and Corporate Controller, who attested to the company's inconsequential dealings in Pennsylvania, *i.e.*, four of 633 employees reside in the Commonwealth and 3.5% of its total sales in 2015 were to Pennsylvania buyers.  **See** Brief in Support of Preliminary Objections to Complaint, 3/4/16, Exhibit A at ¶¶ 8, 9.

Although Federal Signal neglected to affix a notice to plead to the preliminary objections, Plaintiffs filed a response and a memorandum of law asserting personal jurisdiction based upon Federal Signal's alleged continuous and systematic contacts with Pennsylvania.  Plaintiffs supported their response by attaching, *inter alia*, 1) a "Confidential Information Sheet" that outlined Federal Signal's sales and employees in Pennsylvania between 2012 and 2015; and 2) the June 2010 deposition testimony of Philadelphia Fire

---

[3] On September 25, 2018, a divided panel of this Court concluded that Federal Signal consented to personal jurisdiction by registering as a foreign corporation.  That decision was withdrawn on December 7, 2018, after we granted Federal Signal's petition for *en banc* reargument.

Department Battalion Chief Henry Leary, from an unrelated case, regarding his department's use of Federal Signal's sirens. **See** Answer in Opposition of Preliminary Objections, 5/6/16, Exhibits 1 and 2.

On May 25, 2016, the trial court sustained the preliminary objections, concluding that Federal Signal's alleged contacts with Pennsylvania failed to satisfy the due process standard that the U.S. Supreme Court reiterated in **Daimler AG v. Bauman**, 134 S.Ct. 746, 761 (2015) (stating the inquiry "is whether th[e] corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State."). Accordingly, it dismissed all of Plaintiffs' claims. These timely appeals followed.

As the trial court did not order Plaintiffs to file a concise statement of errors complained of on appeal, its Pa.R.A.P. 1925(a) opinion addressed the issue of jurisdiction in the context of Plaintiffs' original assertion that Federal Signal maintained continuous and systematic contacts with Pennsylvania. However, on appeal, Plaintiffs for the first time argue that personal jurisdiction is proper in light of 42 Pa.C.S. § 5301(a)(2)(i), because Federal Signal registered as a foreign corporation pursuant to 15 Pa.C.S. § 411(a).[4]

---

[4] Section 5301(a)(2)(i) extends the Commonwealth's general personal jurisdiction over, *inter alia*, entities that "[qualify] as a foreign corporation under the laws of this Commonwealth." 42 Pa.C.S. § 5301(a)(2)(i). Specifically, that statute provides:

Plaintiffs' brief at 14-16.  Acknowledging that the current argument was never

presented to the trial court for consideration, Plaintiffs cast the issue in the

negative.  Plaintiffs assert,

> It was an error for the [t]rial [c]ourt to focus solely on the continuous and substantial contacts of Federal Signal when determining whether general jurisdiction is properly established without considering that Federal Signal previously consented to the jurisdiction of the courts of the Commonwealth by the affirmative act of registering as a foreign corporation with the Corporations Bureau.

*Id*. at 11.  Plaintiffs' phrasing suggests that the obligation to demonstrate the

basis for personal jurisdiction rested with the trial court.  As we explain, *infra*,

---

> **(a) General rule.**--The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
>
> . . . .
>
> (2) Corporations.—
>
> (i) **Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth**.
>
> (ii) Consent, to the extent authorized by the consent.
>
> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa.C.S. § 5301(a) (emphasis added).  Although this section did not exist when Federal Signal registered as a foreign corporation, Federal Signal concedes that it renewed its registration subsequent to the June 1978 enactment of 42 Pa.C.S. § 5301(a)(2)(i).

- 8 -

it does not. Once Federal Signal supported its jurisdictional challenge to personal jurisdiction with evidence, the burden of proving personal jurisdiction shifted to Plaintiffs. *See Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa.Super. 2012).

Prior to addressing the merits of Plaintiffs' current argument, we must examine whether it is waived pursuant to Pa.R.A.P. 302(a), since it was not raised before the trial court. *See* Rule 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). The purpose of Rule 302(a) is "to provide th[e] [trial] court with the opportunity to consider the issue, rule upon it correctly, and obviate the need for appeal." *Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc*., 892 A.2d 830, 835 (Pa.Super. 2006). As our High Court explained, "where the parties fail to preserve an issue for appeal, the Superior Court may not address the issue, even if the disposition of the trial court was fundamentally wrong." *Danville Area Sch. Dist. v. Danville Area Educ. Ass'n, PSEA/NEA*, 754 A.2d 1255, 1259 (Pa. 2000) (citation omitted); *see also Kimmel v. Somerset County Comm'rs*, 333 A.2d 777, 779 (Pa. 1975) ("It is a fundamental principle of appellate review that [appellate courts] will not reverse a judgment or decree on a theory that was not presented to the trial court.").

Instantly, Plaintiffs asserted in the trial court that Pennsylvania had personal jurisdiction over Federal Signal through the company's continuous

and systematic contacts with the Commonwealth. The trial court rejected that contention after reviewing Plaintiffs' response to the preliminary objections and the evidence presented by both sides. Having failed to establish personal jurisdiction based upon allegations of continuous and systematic contacts, Rule 302(a) prohibits Plaintiffs from invoking an alternative basis for personal jurisdiction for the first time in this appeal. *See Gustine Uniontown Associates*, *supra* at 835–36 (finding the plaintiff-appellant waived two arguments that were not included in response to defendant's preliminary objections and "the trial court failed to indicate any awareness of these two positions").

Plaintiffs attempt to circumvent waiver by contending that their failure to assert an alternative basis for personal jurisdiction at any point before the trial court dismissed their complaint is excused because they were not required to proffer any response to Federal Signal's preliminary objections. *See* Plaintiffs' supplemental brief at 1-2 ("Failure to respond [to preliminary objections] does not sustain the moving party's objections by default, nor does it waive or abandon the claim.") (quoting *Uniontown Newspapers*, *Inc. v. Roberts*, 839 A.2d 185, 190 (Pa. 2003)). We disagree.

Plaintiffs' reliance upon the High Court's discussion in *Uniontown Newspapers*, *Inc.*, is misplaced because that case did not address Rule 302(a) waiver in relation to personal jurisdiction. Instead, our High Court held that the non-moving party on a preliminary objection in the nature of a

- 10 -

demurrer is not required to defend the legal sufficiency of the claims actually raised in the complaint for declaratory judgment. *Id*. at 190 ("Since [the plaintiffs] were not the moving party, their failure to respond to preliminary objections does not waive the issue."). Contrary to Plaintiffs' protestations, however, the principle that a non-moving party has no obligation to respond to preliminary objections is inapplicable where, as here, the issues relate to a trial court's fundamental authority to enter judgment against a defendant as opposed to a demurrer or the legal sufficiency of a pleading that is at least facially compliant.

As we stated in *Sulkava*, *supra*, when addressing a challenge to personal jurisdiction, the trial court considers the evidence in the light most favorable to the non-moving party. However, "[o]nce the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it." *Id*. at 889; *see also Webb-Benjamin, LLC v. International Rug Group*, 192 A.3d 1133, (Pa.Super. 2018) (same). Thus, the non-waiver principle discussed in *Uniontown Newspaper, Inc.*, is inapposite. Instead, once Federal Signal presented evidence to support its preliminary objection to the Pennsylvania court's exercise of personal jurisdiction, Plaintiffs were required to establish personal jurisdiction. Their attempt to demonstrate jurisdiction through Federal Signal's alleged continuous and systematic contacts failed and, since Plaintiffs

neglected to assert an alternative basis of jurisdiction, the consequence of that failure was the dismissal of their claims.

The High Court's discussion in **Uniontown Newspaper, Inc.**, and our description of the shifting burden of proof in **Sulkava**, highlight the divergence between preliminary objections that can be determined by facts of record and those that cannot. Pursuant to Pa.R.C.P. 1028(a), two distinct classifications of preliminary objections exist: objections that directly challenge the adequacy of the pleading, *i.e.*, subparagraphs (a)(2), (3), and (4); and objections that raise challenges that transcend the four corners of the pleading. While the former may be determined by the factual averments of record, like the demurrer filed by the appellee in **Uniontown Newspaper Inc**., the latter, such as Federal Signal's jurisdictional assertion, requires discovery and evidentiary support. **See** Rule 1028(c)(2) Note ("Preliminary objections raising an issue under subdivision (a)(1), (5), (6), (7) or (8) cannot be determined from facts of record.").

Further, while the Note to Rule 1028(c)(2) indicates that "the preliminary objections must be endorsed with a notice to plead or no response will be required under Rule 1029(d)," Federal Signal's failure to affix a notice to plead to its preliminary objection in this case does not excuse Plaintiffs' failure to raise the present argument in the trial court. First and foremost, Plaintiffs filed a response despite the lack of the required notice to plead and asserted jurisdiction solely based upon alleged continuous and systematic

contacts. Second, as we explain *infra*, even if we ignored that Plaintiffs actually filed a response, Federal Signal's misstep would not permit us to disregard Rule 302(a) in order to address the merits of Plaintiffs' novel argument invoking § 5302(a)(2)(iii).

Read *in pari materia*, Pa.R.C.P. 1017(a)(4) and Pa.R.C.P. 1026(a) provide that preliminary objections are designated as pleadings in civil actions, and because of that designation, responses are not required unless the preliminary objection is endorsed with a notice to plead.[5] Thus, where a party fails to affix a notice to plead to the pleading, the respondent is relieved of the obligation to file a responsive pleading and the factual averments of the preceding pleading are deemed denied. ***See*** Pa.R.C.P. 1029(d) ("Averments in a pleading to which no responsive pleading is required shall be deemed to be denied."); ***Lewandowski v. Crawford***, 222 A.2d 601, 601 (Pa.Super. 1966) (*en banc*) (holding failure to endorse pleading with proper notice

---

[5] ***See*** Pa.R.C.P. 1017(a)(4). "[A] preliminary objection and a response thereto" are among the class of filings designated as pleadings in civil actions. As it relates the required notice to plead:

> Except as provided by Rule 1042.4 [(regarding a professional liability claim)] or by subdivision (b) of this rule [(concerning service outside of the United States)], every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but **no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead**.

Pa.R.C.P. 1026(a) (emphasis added).

relieves respondent of obligation to file responsive pleading and precludes entry of default judgment). Thus, ignoring the fact of Plaintiffs' response to the preliminary objections, the appropriate cure for the lack of a notice to plead was for the trial court to treat Federal Signal's factual averments in the pleading as having been denied by Plaintiffs. Significantly, however, the deemed denial of factual averments would not have undermined the evidence that Federal Signal presented in support of its preliminary objection, nor would it have sustained Plaintiffs' burden of establishing personal jurisdiction. Stated another way, the fact that a response was not required pursuant to Rule 1029(d) neither nullified the response that Plaintiffs actually filed nor relieved Plaintiffs' burden of demonstrating personal jurisdiction at the risk of having the complaints dismissed.

For the foregoing reasons, we do not address the merits of Plaintiffs' fresh claim that Pennsylvania has personal jurisdiction over Federal Signal due to its 1969 registration with the Pennsylvania Department of State as a foreign corporation pursuant to 15 Pa.C.S. § 411(a).[6] As Plaintiffs' only argument is

---

[6] We do not take this decision lightly. The argument that Plaintiffs assert on appeal implicates an issue that has generated abundant scholarly commentary. Further, Pennsylvania's unique jurisdictional framework sets it apart from other jurisdictions that have confronted the related issue regarding whether corporate registration is tantamount to implied consent. Indeed, recent district court decisions have taken divergent views of this issue in relation to Pennsylvania's jurisdictional statute. *Compare In re Asbestos Products Liability Litigation (No. VI)*, 384 F.Supp.3d 532, 540-41 (E.D. Pa. 2019) ("mandatory statutory regime purporting to confer consent to

waived, we affirm the trial court orders sustaining Federal Signal's preliminary objections and dismissing Plaintiffs' claims for lack of personal jurisdiction.

Orders affirmed.

Judges Shogan, Lazarus, Olson, Stabile, Dubow, Kunselman, and Murray join this opinion.

Judge Nichols notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/25/20

---

general jurisdiction in exchange for the ability to legally do business in a state is contrary to the rule in **Daimler** and, therefore, can no longer stand."), **with Kraus v. Alcatel-Lucent**, 2020 WL 951082, at *1 (E.D. Pa. Feb. 27, 2020) ("Pennsylvania's consent-by-registration statute is constitutional."). Although the parties and *amici curiae* all presented compelling arguments about this issue in their briefs to this Court, regrettably we simply cannot address those competing perspectives without the benefit of the trial court's vetting of the issue in the first instance. **See Danville Area Sch. Dist. v. Danville Area Educ. Ass'n, PSEA/NEA**, 754 A.2d 1255, 1259 (Pa.2000) ("[W]here the parties fail to preserve an issue for appeal, the Superior Court may not address the issue.").