J-S15034-21

2021 PA Super 131

CLAUDE D. CLARK : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
v. :
:
:
WALTER R. PEUGH : No. 1048 WDA 2020

Appeal from the Order Entered September 2, 2020
In the Court of Common Pleas of Butler County Civil Division at No(s):
A.D.No.2020-10060

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

OPINION BY COLINS, J.: **FILED: JUNE 25, 2021**

Appellant Claude D. Clark appeals from the order of the Court of Common Pleas of Butler County, Civil Division ("trial court") sustaining the preliminary objections of Appellee Walter R. Peugh and dismissing Clark's complaint. We affirm.

Clark initiated this action by filing a complaint against Peugh on January 22, 2020. According to the complaint, Clark and Peugh were both present at the Brick House Bar in Butler, Pennsylvania on December 27, 2017. Complaint ¶3. Peugh, who was "extremely intoxicated," insulted several female patrons of the bar, including Clark's sister. *Id.* ¶¶4-6. Clark took offense and pushed Peugh out of the bar, which resulted in Peugh striking his head on a gate or

_____

[*] Retired Senior Judge assigned to the Superior Court.

on the ground. *Id.* ¶7. Peugh was taken to the hospital after the incident and was released the next day with no further treatment. *Id.* ¶¶8-9.

Clark was ultimately sentenced in connection with his attack on Peugh, and was ordered to pay $27,000 in restitution to Peugh for lost wages based on Peugh's representations that he was unable to work at his employer, Folse Land Services, LLC, from the date of the incident through March 19, 2018. *Id.* ¶¶10-13. However, Clark alleged that Peugh did not in fact miss any work but instead that he formed a limited liability company, Peugh Land Services, LLC, through which he received income during the period when he claimed to have been unable to work. *Id.* ¶¶14-15. The complaint included two counts: first, Clark contended that Peugh was unjustly enriched in the amount of $27,000, and, second, that Peugh fraudulently misrepresented that he incurred $27,000 in lost wages, which Clark relied upon in agreeing to the restitution amount. *Id.* ¶¶16-26.

On May 12, 2020, Peugh filed preliminary objections to the complaint, asserting two objections. First, Peugh argued that the trial court lacked subject matter jurisdiction and that the claims were legally insufficient because Clark's sole recourse in obtaining relief from the restitution order was to seek amendment of the sentencing order in the court where he was sentenced, the Criminal Division of the Court of Common Pleas of Butler County ("sentencing court"). Preliminary Objections ¶¶11-19. Second, Peugh argued that Clark failed to state a claim with respect to the fraudulent

misrepresentation count because Peugh's alleged misrepresentations were not made to Clark personally. *Id.* ¶¶20-26.

On September 2, 2020, the trial court heard oral argument on the objections. At the conclusion of argument, the court entered an order sustaining both preliminary objections and dismissing the complaint with prejudice. Order, 9/2/20. On October 1, 2020, Clark filed a timely appeal of this order and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On November 23, 2020, the trial court filed a Pa.R.A.P. 1925(a) opinion. In its Rule 1925(a) opinion, the trial court first found that Clark waived his appellate arguments by failing to file a brief in response to the preliminary objections as directed by the court's June 2, 2020 order. Trial Court Opinion, 11/23/20, at 3-4. With respect to the merits of the preliminary objections, the trial court concluded that it lacked jurisdiction to consider the complaint based on the fact that Clark had an appropriate remedy to challenge his restitution in the sentencing court under the Crimes Code. *Id.* at 6-7 (citing 18 Pa.C.S. § 1106(c)(3)). The court reasoned that permitting Clark's civil suit to proceed would allow him to unilaterally alter his sentence and thereby circumvent the criminal punishment that was imposed upon him. *Id.* at 7-9. The trial court further found that Clark's fraudulent misrepresentation claim was legally insufficient because the alleged misrepresentations by Peugh were not made directly to Clark but rather to the district attorney's office, which then communicated this information to the sentencing court. *Id.* at 10-12.

Clark raises the following issues for our review:

1. Did the common pleas court err in dismissing [Clark's] complaint with prejudice for lack of subject matter jurisdiction?

1. Did the common pleas court err in dismissing [Clark's] complaint with prejudice for legal insufficiency of a pleading?

Clark's Brief at 10 (unnecessary capitalization omitted).[1]

Prior to reaching Clark's appellate arguments, we first review the trial court's determination that Clark waived his appellate issues by failing to file a response to Peugh's preliminary objections. In reviewing the question of whether a party waived an appellate issue, our standard of review is *de novo*

_____

[1] Concurrent with the filing of his appellate brief, Peugh also filed an application to quash the appeal on the basis that Clark filed his appellate brief approximately two weeks after the deadline and that he failed to file a reproduced record. Compliance with our Rules of Appellate Procedure regarding the filing of reproduced records is mandatory, and this Court will quash an appeal where the violations substantially impede the appellate process. *Fulano v. Fanjul Corp.*, 236 A.3d 1, 12 (Pa. Super. 2020); *see also* Pa.R.A.P. 2188 ("If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter."). . Similarly, the late filing of an appellate brief may result in sanctions from the appellate court, including quashal or dismissal of the appeal, where the late filing impedes our review. *Warner v. University of Pennsylvania Health System*, 874 A.2d 644, 646 (Pa. Super. 2005); *see also* Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). While we do not condone Clark's failure to comply with the appellate rules in this case, our review has not been substantially impeded by his lack of compliance, and we therefore deny the request to quash this appeal. *Fulano*, 236 A.3d at 12; *Warner*, 874 A.2d at 646.

and our scope of review is plenary. ***Jones v. Ott***, 191 A.3d 782, 787 n.7 (Pa. 2018).

Generally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). However, with respect to preliminary objections, this Court has held that the "[f]ailure of the trial court to consider the sufficiency of the complaint before sustaining preliminary objections and dismissing the case without leave to amend is an abuse of discretion." ***Schuylkill Navy v. Langbord***, 728 A.2d 964, 968 (Pa. Super. 1999). Therefore, "an order sustaining preliminary objections based solely on the failure of a party to file timely a responsive brief or memorandum of law, without considering whether the complaint sufficiently pled a cause of action, amounts to an abuse of discretion." ***Id.*** As our Supreme Court explained in ***Uniontown Newspapers, Inc. v. Roberts***, 839 A.2d 185 (Pa. 2003):

> There is no requirement in the Rules of Civil Procedure that the non-moving party respond to a preliminary objection, nor must that party defend claims asserted in the complaint. Failure to respond does not sustain the moving party's objections by default, nor does it waive or abandon the claim.

***Id.*** at 190.

Recently, in ***Murray v. American Lafrance, LLC***, 234 A.3d 782 (Pa. Super. 2020) (*en banc*), this Court distinguished ***Uniontown Newspapers*** as that case concerned a preliminary objection in the nature of a demurrer, whereas in ***Murray*** the objection was to personal jurisdiction over the

defendant. *Id.* at 787. In *Murray*, this Court highlighted that when a party challenging personal jurisdiction brings forth evidence in support of the objection, the burden shifts to the opposing party to demonstrate that jurisdiction is proper and discovery may be required to resolve the objection. *Id.* at 787-88. Therefore, we held that the plaintiffs' failure to assert a basis for personal jurisdiction over the defendant in their response to the preliminary objections resulted in waiver of that issue for the purpose of appeal. *Id.* at 787-89.

In the present case, Appellants' preliminary objections were based on the "lack of jurisdiction over the subject matter of the action," Pa.R.C.P. No. 1028(a)(1), and the "legal insufficiency of the pleading (demurrer)." Pa.R.C.P. No. 1028(a)(4). As stated above, Clark's failure to respond to Peugh's demurrer does not lead to the sustaining of the objection by default or the waiver of Clark's appellate arguments. *Uniontown Newspapers*, 839 A.2d at 190 *Schuylkill Navy*, 728 A.2d at 968.

With respect to the jurisdictional objection, while subject matter jurisdiction is similar to personal jurisdiction in that it concerns "a trial court's fundamental authority to enter judgment against a defendant," *Murray*, 234 A.3d at 787, unlike personal jurisdiction, the subject matter jurisdiction analysis does not require that the lower court take discovery or engage in fact-finding. Rather, the question of whether a court has subject matter jurisdiction over an action is a "pure question of law" focusing solely on "whether that tribunal is competent to determine controversies of the general

class to which the case presented for its consideration belongs." ***Michael G. Lutz Lodge No. 5, of Fraternal Order of Police v. City of Philadelphia***, 129 A.3d 1221, 1228 n.6 (Pa. 2015); ***Mazur v. Trinity Area School District***, 961 A.2d 96, 101 (Pa. 2008) (citation omitted). Moreover, it is well-established that a court's subject matter jurisdiction to hear a controversy is not subject to waiver and may be raised at any stage of the proceedings or even by a court *sua sponte*. ***Mazur***, 961 A.2d at 101; ***Cobbs v. SEPTA***, 985 A.2d 249, 255 (Pa. Super. 2009). Accordingly, we find ***Murray*** distinguishable and conclude that Clark's failure to respond to Peugh's subject matter objection does not support the sustaining of the objection by default nor does it result in the waiver of Clark's arguments in opposition to the objection. ***Mazur***, 961 A.2d at 101.[2]

In his first appellate issue, Clark argues that the trial court erred in sustaining Peugh's subject matter jurisdiction objection because the courts of common pleas have jurisdiction over the fraudulent misrepresentation and unjust enrichment causes of action asserted in Clark's complaint. As stated

---

[2] We note that the preliminary objections were endorsed with a notice to plead as Peugh included a jurisdiction objection, and Clark did not file a responsive pleading. ***See*** Pa.R.C.P. No. 1028(c)(2), Note ("Preliminary objections raising an issue under subdivision (a)(1), (5), (6), (7) or (8) . . . must be endorsed with a notice to plead or no response will be required under Rule 1029(d)."). However, Rule of Civil Procedure 1029 makes clear that the consequence of the failure to respond was not waiver but rather Clark's admission of the factual allegations in the objections. Pa.R.C.P. No. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.").

above, the pertinent inquiry in determining whether a court has subjection matter jurisdiction is "whether that tribunal is competent to determine controversies of the general class to which the case presented for its consideration belongs." *Lutz Lodge No. 5*, 129 A.3d at 1228 n.6. Our analysis focuses on whether the court "had power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case." *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole)*, 860 A.2d 25, 29 (Pa. 2004) (citation omitted).

Under Section 931(a) of the Judicial Code, Pennsylvania courts of common pleas have "unlimited original jurisdiction [over] all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas," except as otherwise provided by law. 42 Pa.C.S. § 931(a); *see also* Pa. Const. Art. V, § 5 (providing that the courts of common pleas shall "hav[e] unlimited original jurisdiction in all cases except as may otherwise be provided by law"). As our Supreme Court has explained, Section 931(a) constitutes a "sweeping statutory grant of jurisdiction" to the courts of common pleas over all actions and proceedings "not exclusively vested elsewhere" by statute. *In re Administrative Order No. 1-MD-2003*, 936 A.2d 1, 6 (Pa. 2007).

In finding that it lacked jurisdiction, the trial court concluded that Clark could not pursue his civil action when an adequate remedy had been established by the General Assembly for a criminal defendant to seek a

modification of restitution in the court that imposed the sentence. The trial court did not find that it lacked jurisdiction over the fraudulent misrepresentation and unjust enrichment causes of action brought in the complaint, but instead the court effectively ruled that Clark's common law claims were barred by an exclusive statutory remedy. The prohibition on a litigant pursuing common law claims when an exclusive statutory remedy exists is set forth in Section 1504 of the Statutory Construction Act:

> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

1 Pa.C.S. § 1504.

Our Supreme Court has observed that while some of its prior decisions have described the exclusive statutory remedy rule as a matter touching on a tribunal's jurisdiction to hear the matter, other decisions of the Court have found the rule to instead be jurisprudential in nature. *See White v. Conestoga Title Insurance Co.*, 53 A.3d 720, 726 n.11 (Pa. 2012) (collecting cases but not resolving issue). However, in addressing the exclusive statutory remedy rule of Section 1504, this Court held that "[t]he failure to pursue a statutory remedy may be raised at any point in a proceeding by the parties or by the court *sua sponte* because such failure creates **a jurisdictional defect**." *Maryland Casualty Co. v. Odyssey*

*Contracting Corp.*, 894 A.2d 750, 754 (Pa. Super. 2006) (emphasis added); *accord Muir v. Alexander*, 858 A.2d 653, 660 (Pa. Cmwlth. 2004).

In this case, Peugh objected to the trial court's consideration of Clark's common law challenge to his criminal restitution based on Rule of Civil Procedure 1028(a)(1) ("lack of jurisdiction over the subject matter of the action . . . "), and Rule 1028(a)(4) ("legal insufficiency of a pleading (demurrer)"), but Peugh did not object pursuant to Rule 1028(a)(7) ("failure to exercise or exhaust a statutory remedy"), or cite to Section 1504. Preliminary Objections ¶¶11-19. Under our precedent, however, we may address the question of whether the statutory procedure established for the consideration of requests to modify a restitution order precludes the trial court from considering Clark's common law claims, even though Peugh did not explicitly object on this basis. *Maryland Casualty*, 894 A.2d at 754; *cf.* Pa.R.C.P. No. 1032(a) (providing that a party's failure to invoke the exclusive statutory remedy rule in its preliminary objection or answer does not result in a waiver of the objection or defense).

Whether a statutory remedy is exclusive is a question of statutory interpretation as to which our scope of review is plenary and our standard of review is *de novo*. *Stoloff v. Neiman Marcus Group, Inc.*, 24 A.3d 366, 369 (Pa. Super. 2011). Our Supreme Court has explained that "[w]here a statutory remedy is provided, the procedure prescribed therein must be strictly pursued to the exclusion of other methods of redress." *White*, 53 A.3d at 733 (citation omitted); *see also Maryland Casualty*, 894 A.2d at

754 ("Section 1504 [] provides that in all cases where a statutory remedy is provided or a duty is enjoined by any statute, the statutory remedy shall be strictly pursued rather than a remedy at common law."). However, where "a statutory procedure did not contemplate the grievance in question" or "where the legislature explicitly reveals in a statute that it does not intend for such exclusivity, a statutory procedure for dispute resolution does not preempt common law claims." **White**, 53 A.3d at 733.

Turning to the case at hand, we initially note the general principle that the "sole means of obtaining collateral relief" from an unlawful judgment of sentence is through the Post Conviction Relief Act ("PCRA").[3] 42 Pa.C.S. § 9542; **see also Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa. Super. 2013). Thus, a defendant cannot "collaterally attack his criminal conviction through means of a civil action" asserting common law claims. **Keller v. Kinsley**, 609 A.2d 567, 568-69 (Pa. Super. 1992) (affirming trial court's finding that civil action by a criminal defendant against the victim alleging false testimony in the defendant's criminal trial was frivolous and therefore *in forma pauperis* status was unwarranted).

It is often observed that an order of "restitution is not simply an award of damages, but, rather, a sentence." **Commonwealth v. Hunt**, 220 A.3d 582, 585 (Pa. Super. 2019) (citation omitted). "[R]estitution is a creature of statute and, without express legislative direction, a court is powerless to direct

_____

[3] 42 Pa.C.S. §§ 9541-9546.

a defendant to make restitution as part of a sentence." **Commonwealth v. Harner**, 617 A.2d 702, 704 (Pa. 1992); **see also Hunt**, 220 A.3d at 587. There are two statutory bases for a restitution order: restitution may be imposed as part of a direct sentence under the Crimes Code, **see** 18 Pa.C.S. § 1106, or as a condition of probation under the Sentencing Code, **see** 42 Pa.C.S. §§ 9754, 9763(b)(10). **See also Commonwealth v. Hall**, 80 A.3d 1204, 1215 (Pa. 2013).[4]

In this case, it is unclear whether Clark's restitution was imposed as a condition of probation or as a part of his direct sentence. However, regardless of the statutory basis for the restitution order, a statutory remedy exists to

---

[4] Whether restitution is imposed as a part of a sentence or a condition of probation also impacts the sentencing court's discretion in fixing the amount of the restitution award:

When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim . . . . Thus, the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation.

**Hall**, 80 A.3d at 1215 (citation omitted). "While sentencing courts have discretion to impose conditions of probation, such conditions must be reasonable and devised to serve rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of future law-abiding conduct." **Id.** We further observe that restitution imposed as a condition of probation must be based upon a determination of the defendant's ability to pay, while restitution as part of a sentence is mandatory and must be imposed "[r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." **Compare** 42 Pa.C.S. § 9763(b)(10) **with** 18 Pa.C.S. § 1106(c)(1)(i); **see also Harner**, 617 A.2d at 707.

- 12 -

allow Clark to seek a reduction in the amount of his restitution in the sentencing court. Section 1106 of the Crimes Code, which authorizes restitution as part of a direct sentence, provides:

> **The court may, at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, **alter or amend any order of restitution** made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(c)(3) (emphasis added). "Our case law in this Commonwealth establishes that [this] statute creates an independent cause of action for a defendant to seek a modification of an existing restitution order." *Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014) (citing, *inter alia*, *Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa. Super. 2012)). Significantly, Section 1106 provides that a motion to modify the restitution order may be filed in the sentencing court "at any time," and the motion therefore may be filed after the expiration of the period for a direct appeal. 18 Pa.C.S. § 1106(c)(3); *Gentry*, 101 A.3d at 816 (motion to modify restitution to $0 was not untimely even though it was filed after the appeal period had expired); *Stradley*, 50 A.3d at 772 (finding that lower court erred in dismissing motion to modify restitution filed 14 months after the judgment of sentence was imposed).

With respect to restitution ordered as a condition of probation, Section 9771(a) of the Sentencing Code provides:

> **The court has inherent power to at any time** terminate continued supervision, **lessen the conditions upon which an order of probation has been imposed** or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.

42 Pa.C.S. § 9771(a) (emphasis added).[5] In ***Commonwealth v. Nicely***, 638 A.2d 213 (Pa. 1994), our Supreme Court noted that "[a] probation order is conditional by its very nature" and held that a criminal trial court has jurisdiction under Section 9771 to modify its prior probation award to impose supervision fees on a defendant pursuant to a statute that was enacted after the defendant's appeal period has run. ***Id.*** at 217. In ***Commonwealth v. Drozginski***, 239 A.3d 106 (Pa. Super. 2020) (unpublished memorandum), this Court held that a defendant may file a motion to lessen his conditions of probation in the sentencing court "at any time," even when more than a year had passed from the expiration of the appeal period. 2020 WL 4333374, at *3 (quoting 42 Pa.C.S. § 9771(a)).[6]

_____

[5] The text of Section 9771(a) reprinted above represents the current version of the statute, which became effective on December 18, 2019. At the time that Clark was sentenced, the relevant sub-section provided: "The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed." 42 Pa.C.S. § 9771(a) (former version).

[6] While ***Drozginski*** is an unreported decision and therefore not binding precedent, we find the analysis of Section 9771(a) to be persuasive. ***See***
*(Footnote Continued Next Page)*

- 14 -

Therefore, irrespective of whether his restitution was made part of his direct sentence or was included as a condition of probation, Clark could file a motion to reduce the amount of restitution "at any time." 18 Pa.C.S. § 1106(c)(3); 42 Pa.C.S. § 9771(a).[7] Notably, the statutory mechanisms for the modification of restitution are not reserved solely to the defendant, but they also may be invoked by the Commonwealth or by the sentencing court itself to correct the restitution order. 18 Pa.C.S. § 1106(c)(3); 42 Pa.C.S. § 9771(a); **Commonwealth v. Dietrich**, 970 A.2d 1131, 1135 (Pa. 2009) (holding that Section 1106(c)(3) permits sentencing court to increase amount of restitution *sua sponte* based upon information not available at time of sentencing so long as it states its reasons as a matter of record); **Nicely**, 638 A.2d at 217.

Following our review of the relevant statutory framework, we conclude that the procedures set forth in Section 1106(c)(3) of the Crimes Code and Section 9771(a) of the Sentencing Code are the exclusive statutory remedies available to a criminal defendant to seek redress from a restitution order. The

Pa.R.A.P. 126(b) (non-precedential Superior Court decisions filed after May 1, 2019 may be cited for their persuasive value).

[7] Where restitution is imposed as a condition of probation, the defendant is discharged from the obligation to pay upon the expiration of the probationary term, even if the amount of restitution has not been paid in full by that date. **See Commonwealth v. Karth**, 994 A.2d 606, 610 (Pa. Super. 2010). Therefore, while Section 9771(a) permits a defendant to seek to lessen the amount of restitution required as a condition of probation "at any time," 42 Pa.C.S. § 9771(a), such an avenue for relief would appear to naturally expire at the conclusion of the probationary term.

procedure set forth in the statute clearly "contemplate[s] the grievance in question" in this case, namely the question of whether the amount of restitution that Clark was required to pay to Peugh was appropriately set at sentencing. *White*, 53 A.3d at 733. The statutory remedies provide a more appropriate procedure for a criminal defendant to challenge the amount of restitution as compared to a common law action, not least of which a proceeding in the sentencing court allows the defendant to appear before the court that originally imposed the restitution and is familiar with the facts of the case and the relevant statutory framework. In addition, the statutory remedies rest on the same record already developed in the criminal case and allows the Commonwealth to appear and give its input on the defendant's request without having to intervene in a civil action.

Moreover, our review of the law "reveals nothing to demonstrate, either expressly or by implication, that the General Assembly intended the" statutory framework for the modification of a restitution order "to coexist with common law claims" that attempt to accomplish the same ends. *Id.* at 734. The statutory procedure for a modification of restitution is not limited to a direct appeal, but instead constitutes an "independent cause of action" that may be brought "at any time" by any party to the original proceeding. 18 Pa.C.S. § 1106(c)(3); 42 Pa.C.S. § 9771(a); *Gentry*, 101 A.3d at 816. Indeed, allowing Clark to bring an independent common law action to reduce or recoup the restitution he was required to pay would potentially lead to inconsistent rulings

regarding the same restitution order if a parallel proceeding was initiated by the Commonwealth in the sentencing court.

In the present case, Clark's claims relate only to Peugh's representations to the sentencing court related to the amount of work he was required to miss, and the sole relief that Clark seeks is a reduction in the amount of restitution that he was required to pay by the sentencing court. Clark could have sought redress for the same harm through the statutory mechanisms set forth in the Crimes Code or the Sentencing Code, but he instead chose to file common law claims in the trial court. However, as we have concluded that the statutory remedies for modification of restitution are exclusive, Clark was barred from bringing duplicative common law claims. Accordingly, we affirm the trial court's September 2, 2020 order dismissing the complaint.[8]

Order affirmed. Application to quash denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2021

---

[8] We may affirm the trial court's decision to sustain the objections on any basis that is supported by the record. *In re A.J.R.-H.*, 188 A.3d 1157, 1175-76 (Pa. 2018).