J-S02004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TD BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAYKAZUNI ANDREASYAN AND | : | |
| MUSHEGH ANDREASYAN | : | |
| | : | No. 691 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered March 7, 2023
In the Court of Common Pleas of Monroe County Civil Division at No(s):
001384-CV-2022

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:               **FILED SEPTEMBER 26, 2024**

Haykazuni Andreasyan (Father) and Mushegh Andreasyan (Son) (collectively Appellants) appeal from the March 7, 2023 judgment entered in favor of Appellee, TD Bank, N.A., (TD Bank) in the amount of $1,128,827.07. Appellants challenge the court's February 1, 2023 order sustaining TD Bank's preliminary objections to Appellants' preliminary objections, dismissing Appellants' preliminary objections to TD Bank's complaint, and ordering that the July 21, 2022 judgment, entered in favor of TD Bank in the amount of $1,128,827.07, remains in full force and effect.  After careful review, we reverse the order, vacate the judgment, and remand for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

The parties are familiar with the facts of this case, which we have set forth in a companion unpublished memorandum decision. ***See TD Bank, N.A. v. Haykazuni Andreasyan and Mushegh Andreasyan***, 1722 EDA 2023 (Pa. Super. filed September 25, 2024) (unpublished memorandum decision).

TD Bank commenced this action[1] on March 11, 2022, by filing a complaint, alleging (1) a violation of PUVTA;[2] (2) creditor fraud; and (3) a civil conspiracy, in connection with the disposition from Father to Son of 5114 Beach Side Drive, Coolbaugh Township, Monroe County. On June 30, 2022, Appellants were granted an extension to answer the complaint. The court's order gave Appellants until July 18, 2022, to file a responsive pleading to the complaint. On July 18, 2022, Appellants filed preliminary objections to the complaint. On July 21, 2022, TD Bank filed a praecipe for entry of default judgment against Appellants and in favor of TD Bank, in the amount of $1,128,827.07. The prothonotary entered judgment against Appellants in that amount, by default, that same day. On August 1, 2022, the prothonotary vacated the default judgment as erroneously entered. TD Bank then filed

_____

[1] This case, filed in connection with the disposition of 5114 Beach Side Drive, as defined herein, is listed consecutively with a companion appeal by and between the same parties, arising in Montgomery County, from the same set of facts, but in connection with the disposition of 35 Moredon Road, Huntington Valley, Montgomery County. ***See TD Bank, N.A. v. Haykazuni Andreasyan and Mushegh Andreasyan***, 1722 EDA 2023 (Pa. Super. filed September 25, 2024) (unpublished memorandum decision).

[2] ***See*** 12 Pa.C.S.A. §§ 5101-5114. The predecessor statute to PUVTA was the Pennsylvania Uniform Fraudulent Transfer Act (PUFTA).

preliminary objections to Appellants' preliminary objections on August 5, 2022, and asked the court to strike Appellants' preliminary objections and have the default judgment that was entered on July 21, 2022, remain in effect.

At oral argument, TD Bank's position was that Appellants' preliminary objections filed on July 18, 2022 were improper because they violated the court's June 30, 2022 order, which required a responsive pleading to be filed and preliminary objections are not a responsive pleading. The trial court agreed; on February 1, 2023, the court issued an order that sustained TD Bank's preliminary objections to preliminary objections, overruled Appellants' preliminary objections, and ordered the default judgment entered on July 21, 2022, to remain in effect.

Appellants filed a motion for reconsideration on February 27, 2023, which the trial court denied on March 16, 2023. Prior to the denial of reconsideration, on March 3, 2023, Appellants filed a timely notice of appeal.[3] On May 3, 2023, the trial court issued an opinion pursuant to Rule 1925(a), recommending we affirm.

On appeal, Appellants raise the following issues for our review:

1. Whether a party has an absolute right to plead [over] pursuant to [Pennsylvania Rule of Civil Procedure] 1028(d) following the dismissal of its preliminary objections?

---

[3] The trial court did not enter an order directing Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. As such, Appellants did not file a Rule 1925(b) statement.

2. Whether a trial court can revive a void default judgment, attempted after defendant filed preliminary objections to plaintiff's complaint, upon overruling the defendant's preliminary objections to the complaint without affording the defendant [an] opportunity to answer the complaint?

Appellants' Brief, at 4.

Appellants first argue that the court erred insofar as it did not permit them to plead over after it overruled their preliminary objections. ***See*** Appellants' Brief, at 13. Specifically, Appellants cite to Rule 1028 and our decision in ***International Lands, Inc. v. Fineman***, 428 A.2d 181 (Pa. Super 1981), for the proposition that "[w]here preliminary objections are overruled or dismissed, for whatever reason, the objecting party has a period of twenty days, or such other period as the court may direct, within which to file a responsive pleading." Appellants' Brief, at 13 (emphasis omitted). Appellants further cite to our decision in ***Ambrose v. Cross Creek Condominiums***, 602 A.2d 864 (Pa. Super. 1992), for the proposition that the right to plead over when preliminary objections are dismissed is absolute. ***See*** Appellants' Brief, at 14-15.

Appellants' first issue raises a challenge to the trial court's ruling that "preliminary objections" are not a responsive pleading under the Pennsylvania Rules of Civil Procedure. Thus, Appellants' issue on appeal requires us to interpret the language of the rules.

Our Supreme Court has previously explained that interpretation of the Pennsylvania Rules of Civil Procedure "is a question of law, and thus, our standard of review is *de novo*." ***Touloumes v. E.S.C., Inc.***, 899 A.2d 343,

346 n.4 (Pa. 2006).  Further, "our scope of review, to the extent necessary to resolve the legal question before us is the entire record, and thus, is plenary."  *Id.*  Moreover,

> [w]hen construing a rule, we are cognizant that the object of all rule interpretation and construction is to ascertain and effectuate the intention of the Supreme Court. [*See*] Pa.R.C.P. 127(a). When the words of a rule are clear and unambiguous, the words cannot be disregarded under the pretext of pursuing the rule's spirit. [*See*] Pa.R.C.P. 127(b).

*Smith v. Morrell Beer Distribs., Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011). Pennsylvania Rule of Civil Procedure 126 also governs the application and construction of the rules, providing for their liberal application "to secure the just, speedy, and inexpensive determination of every action or proceeding" to which they apply.  *See* Pa.R.C.P. 126(a).

Pennsylvania Rule of Civil Procedure Rule 1028 governs the filing of preliminary objections, and provides that "[p]reliminary objections may be filed by any party to any pleading[.]"  Pa.R.C.P. 1028(a).  The rule also explains that "[i]f the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty days after notice of the order or within such other time as the court shall fix."  Pa.R.C.P. 1028(d).

Pennsylvania Rule of Civil Procedure 1017 provides a definition for "pleadings," which includes, *inter alia*, complaints, answers, and preliminary objections.  *See* Pa.R.C.P. 1017(a) ("[T]he pleadings in an action are limited to (1) a complaint and an answer thereto, (2) a reply if the answer contains new matter, a counterclaim or a cross-claim, (3) a counter-reply if the reply

to a counterclaim or cross-claim contains new matter, [and] (4) **a preliminary objection** and a response thereto.") (emphasis added); **see also Murray v. Am. Lafrance, LLC**, 234 A.3d 782, 788 n.5 (Pa. Super. 2020) ("'[A] preliminary objection and a response thereto' are among the class of filings designated as pleadings in civil actions."); **see also Delgrosso v. Gruerio**, 389 A.2d 119, 121 (Pa. Super. 1978) ("the preliminary objection filed by appellant was a proper responsive pleading").

Also, as Appellants correctly note, we have previously explained that, after preliminary objections are dismissed, the right to plead over within the time limits prescribed in Rule 1028(d) is absolute:

> Pa.R.C.P. [] 1028(d) provides that where preliminary objections are overruled, the objecting party **shall** have the right to plead over within twenty (20) days after notice of the order or within such other time as the court shall fix. The rule is no different where preliminary objections are dismissed for failure to prosecute them. Where preliminary objections are overruled or dismissed, for whatever reason, the objecting party has a period of twenty days, or such other period as the court may direct, within which to file a responsive pleading. This right to plead over when preliminary objections are dismissed is **absolute**. During that period[,] a default judgment cannot validly be entered against the objecting party.

**International Lands**, **supra** at 182 (citations and quotation marks omitted; emphasis added); **see also Ambrose**, **supra** at 870 ("[A] party enjoys an absolute right to plead over and must be afforded an appropriate period of time within which to file a responsive pleading, upon the dismissal of that party's preliminary objections[.]"); **Parastino v. Lathrop**, 697 A.2d 1004,

1005-06 (Pa. Super. 1997) (trial court erred in failing to allow objecting party to plead over after preliminary objections overruled).

Here, the court ordered Appellants to file a responsive pleading on or before July 18, 2022. *See* Order, 6/30/22. Appellants filed preliminary objections on July 18, 2022. On July 21, 2022, TD Bank filed a praecipe for entry of default judgment against the Appellants, which the prothonotary entered that same day. After the prothonotary vacated the default judgment as erroneously entered, on February 1, 2023, the court overruled Appellants' preliminary objections, struck them from the record, and ordered that the default judgment remain in effect.

Upon our review, we disagree with the trial court and conclude that the language of Rule 1017(a)(4) is clear insofar as it defines a pleading to include a preliminary objection. *See* Pa.R.C.P. 1017(a)(4); *see also Smith*, *supra*; *Murray*, *supra*; *Delgrosso*, *supra*. Further, we conclude that, where a trial court overrules preliminary objections, as it did here, Rule 1028(d) requires the trial court to provide the objecting party some appropriate amount of time within which to plead over (or twenty days). *See* Pa.R.C.P. 1028(d); *see also Ambrose*, *supra*; *Parastino*, *supra*.

Here, first, Appellants filed their responsive pleading—i.e., preliminary objections to TD Bank's complaint—by the deadline set by the trial court, July 18, 2022. Thus, it was inappropriate for the court to enter a default judgment on July 21, 2022, on the basis that Appellants failed to file a responsive pleading. Second, because the trial court did not set forth a further

appropriate time within which Appellants could plead over after dismissing their preliminary objections, Rule 1028(d) provided Appellants twenty days to do so, during which period of time no default judgment could be entered. **See International Lands**, **supra** at 182. Since the default judgment in favor of TD Bank was entered prior to the expiration of Appellants' time to plead over under Rule 1028(d), we conclude that entry of the judgment was void and it must be vacated. **See International Lands**, **supra**; **Parastino**, **supra**. Therefore, we reverse the order, vacate the judgment, and remand for further proceedings.[4]

Order reversed. Judgment vacated. Case remanded for further proceedings not inconsistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/26/2024

_____

[4] In light of our disposition, we need not reach the merits of Appellants' second issue on appeal.