J-S22005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANNY CANDELARIO | : | |
| | : | |
| Appellant | : | No. 1948 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 19, 2021
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000108-2021

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 06, 2023**

Danny Candelario appeals from the August 19, 2021 judgment of sentence of twelve to twenty-four months of incarceration stemming from his conviction for simple assault.  We affirm.

On October 17, 2020, Joseph Dovin, Appellant's eighty-year-old neighbor, was helping Joann Candelario, Appellant's wife, change a headlight on her vehicle.  N.T. Jury Trial, 7/12/21, at 22.  Fifty-two-year-old Appellant exited the residence and began shouting profanities at Mr. Dovin.  *Id*. at 25.  As Appellant approached the vehicle, Mrs. Candelario repeatedly attempted to hinder Appellant's efforts to swing at Mr. Dovin.  *Id*. at 25-26.  However, Appellant eventually pushed past Mrs. Candelario, knocking her to the ground, and continued his advance.  *Id*. at 25-27.  Fearing an imminent attack and unable to retreat quickly, Mr. Dovin hit Appellant in the face with the small wrench that he had been utilizing to change the headlight as he attempted to

back away towards his home. *Id*. at 22. Appellant retaliated by following Mr. Dovin to his driveway where he punched him in the face with a closed fist, knocking Mr. Dovin backwards a few feet where he landed on his back, hitting his head on the roadway. *Id*. at 28-29, 46-47. Appellant then fled the area.

Two witnesses observed the incident and summoned emergency services to render aid to Mr. Dovin. *Id*. at 37-43 (explaining that she watched Appellant punch Mr. Dovin in the face, saw him fall backwards, and heard what sounded like a skull cracking as his head contacted the cement); *Id*. at 59-65 (describing watching Appellant strike his wife and then punch a retreating Mr. Dovin, who fell to the ground before she called 911). Appellant sustained a small bruise under his left eye. *Id*. at 28-29, 72; *see also* Defendant's Exhibit 1. Meanwhile, Mr. Dovin suffered a black eye and bruising along the entire right side of his face and was unable to open his mouth for three days. *Id*.

Appellant was arrested and charged with simple assault and summary counts of harassment and disorderly conduct stemming from the physical altercation with Mr. Dovin. At trial, Appellant did not testify. However, he argued that he acted in self-defense through the testimony of his wife who claimed that she had slipped on some gravel and Mr. Dovin had attacked Appellant when he attempted to render her aid. *Id*. at 81. After hearing the evidence and the arguments of counsel, the jury convicted Appellant of simple assault. The trial court found Appellant not guilty of the summary offenses and deferred sentencing pending the completion of a pre-sentence

investigative report. The court later sentenced Appellant to serve the standard range sentence of twelve to twenty-four months of imprisonment. Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence, which the court denied.

Appellant filed a timely *pro se* notice of appeal on September 10, 2021. Four days later, his counsel filed a motion requesting leave to withdraw from representation because Appellant had "verbally dismissed" him and indicated a desire to proceed *pro se*. Motion to Withdraw, 9/14/21, at ¶ 7. On September 20, 2021, Appellant filed a second *pro se* notice of appeal,[1] referencing the judgment of sentence and "ineffectiveness of counsel." Notice of Appeal, 9/20/21, at 1. On the same day, the trial court issued an order directing Appellant's counsel to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel, who had not yet been granted leave to withdraw, did not timely file the court-ordered Rule 1925(b) statement. After the time for filing a timely Rule 1925(b) statement expired, Appellant *pro se* filed a "statement of reasons" in which he asserted that his counsel was ineffective and requested the appointment of a new attorney. Statement of Reasons, 11/12/21, at 1.

Thereafter, counsel filed with this Court an application for leave to withdraw as counsel, and we issued an order directing the trial court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa.

_____

[1] This Court later dismissed, as duplicative, the appeal docketed at 1949 EDA 2021 following the second notice of appeal.

- 3 -

1998). On November 23, 2021, after conducting a *Grazier* hearing, the trial court granted counsel's request to withdraw and permitted Appellant to proceed *pro se*. Order, 11/23/21, at 1. Appellant subsequently filed motions with the trial court asserting that he never agreed to proceed *pro se* and requested the appointment of new counsel, which the trial court denied. ***See*** Motion for Legal Representation, 2/16/22, at ¶ 2; Motion for Relief, 2/16/22, at ¶¶ 1-4; Order, 3/1/22, at 1.[2] Ultimately, we remanded this matter for a second time to appoint new counsel for Appellant, the filing of a counseled Rule 1925(b) statement *nunc pro tunc*, and the submission of a responsive Rule 1925(a) opinion. On remand, the trial court appointed current counsel, and both the trial court and Appellant complied with the mandates of Rule 1925. Thereafter, we directed counsel to file a brief on Appellant's behalf, which we received.[3] The Commonwealth has also submitted an appellate brief.

Appellant raises the following issues for our review:

_____

[2] This Court also received copies of those motions and denied them without prejudice to Appellant's right to apply to the trial court for the requested relief. Order, 4/25/22, at 1.

[3] We note that Appellant filed his brief late. "[T]he late filing of an appellate brief may result in sanctions from the appellate court, including . . . dismissal of the appeal, where the late filing impedes our review." ***Clark v. Peugh***, 257 A.3d 1260, 1264 n.1 (Pa.Super. 2021) (cleaned up). While we do not condone the lateness of Appellant's filings, we decline to dismiss the instant appeal as Appellant's tardiness has not impeded our review. ***Id***.

   1. Whether the evidence at trial was sufficient to prove beyond a reasonable doubt that Appellant intentionally, knowingly or recklessly caused bodily injury to the victim?

   2. Whether the sentence imposed by the trial court, which was in the aggravated range of the Pennsylvania sentencing guidelines, was clearly unreasonable and manifestly excessive given the circumstances of the Appellant and the case?

Appellant's brief at 7.

We first consider Appellant's sufficiency challenge for the simple assault conviction. *See id*. at 16-19. Appellant avers that because Mr. Dovin struck Appellant first, Appellant acted in self-defense and the evidence was insufficient to sustain his simple assault conviction. *Id*. at 17-18.

Our scope and standard of review when considering challenges to the sufficiency of the evidence are well settled:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Williams***, 176 A.3d 298, 305–06 (Pa.Super. 2017) (citations and quotation marks omitted).

A person is guilty of simple assault "if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Appellant does not dispute that his punch caused Mr. Dovin to suffer bodily injury. Rather, Appellant contends that he was justified in striking Mr. Dovin because he was acting in self-defense. Generally, "[t]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S. § 505(a). However, the justified use of force requires:

> a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and c) the actor did not violate any duty to retreat or to avoid the danger.

*Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa.Super. 2014) (quotation marks and citation omitted); *see also* 18 Pa.C.S. § 505(b).

If a defendant properly raises self-defense, the burden rests on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense. *Id*.

> The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused

- 6 -

had a duty to retreat and the retreat was possible with complete safety.

*Commonwealth v. Hammond*, 953 A.2d 544, 559 (Pa.Super. 2008). The requirement of reasonable belief encompasses two aspects, one subjective and one objective. *See Commonwealth v. Mouzon*, 53 A.3d 738, 752 (Pa. 2012).

> First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.

*Id*. To claim self-defense, the defendant must be free from fault in provoking or escalating the altercation that led to the offense. *Id*. at 751.

Here, the evidence, viewed in the light most favorable to the Commonwealth, supports Appellant's simple assault conviction. Through Mr. Dovin's testimony, the evidence established that while Mr. Dovin struck first, he did so in response to Appellant's provocation. *See* N.T. Jury Trial, 7/12/21, at 25-27 (Mr. Dovin explaining that he hit Appellant after Mrs. Candelario's attempts to restrain her husband from attacking Mr. Dovin failed). Indeed, our review of the record revealed that Appellant provoked the incident by verbally assaulting and charging at Mr. Dovin, before escalating the encounter by continuing to advance upon Mr. Dovin as he attempted to flee. *Id*. at 25-29. Furthermore, two eye-witnesses corroborated Appellant's testimony that he was backing away towards his home when Appellant struck

him. *Id*. at 37-43, 59-65. Thus, it was well-within the province of the jury to find that Appellant did not act out of an honest belief that he was in imminent danger or that a reasonable person in Appellant's position would have felt that they needed to defend themselves. Accordingly, we find that the record supports the court's decision, and we see no reason to disturb it.

In his second claim, Appellant challenges the discretionary aspects of his sentence. The following principles apply to our consideration of whether review of the merits of his claim is warranted. "An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction." *Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014). In determining whether an appellant has invoked our jurisdiction, we consider four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*.

Appellant filed both a timely motion for reconsideration of his sentence and a notice of appeal. In his motion, Appellant requested that the court reconsider his sentence because his wife had been diagnosed with terminal cancer and Mr. Dovin had struck him first. *See* Post-Sentence Motion, 8/27/21, at unnumbered 1-2. However, in his brief, Appellant alleges that his

sentence was contrary to the fundamental norms underlying the sentencing process because the standard range sentence he received also reflected the statutory maximum for a second-degree misdemeanor. ***See*** Appellant's brief at 20. Appellant did not raise this issue before the trial court. Accordingly, Appellant did not properly preserve the claim and we cannot consider it. ***See Samuel***, ***supra*** at 1006; ***see also Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) ("[I]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived[.]"). Accordingly, Appellant's final issue is waived.[4]

_____

[4] Even if Appellant had preserved the issue, he would still not be entitled to relief as he failed to raise a substantial question that the sentence appealed from was inappropriate under the Sentencing Code in his Pa.R.A.P. 2119(f) statement. At a minimum a Rule 2119(f) statement "must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132-34 (Pa.Super. 2014). Appellant's Rule 2119(f) statement merely declares "that his sentence was imposed contrary to the fundamental norms underlying the sentencing scheme." Appellant's brief at 14-15. Appellant's boilerplate Rule 2119(f) statement does not specify which fundamental norm his sentence allegedly violates. Accordingly, the only way this Court could possibly determine whether Appellant has raised a substantial question is to review the argument section of his brief. Yet, it is well established that the "Superior Court [is] not permitted to rely on its assessment of the argument on the merits of the [discretionary aspects] issue to justify *post hoc* a determination that a substantial question exists." ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 19 (Pa. 1987). Therefore, since Appellant failed to comply with the minimum requirements of Rule 2119(f), we find that he has failed to present a substantial question.

Judgment of sentence affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date:* *4/6/2023*