J-S36004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHESTER VENDETTI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VENDETTI BROTHERS ASSOCIATES, | : | No. 472 WDA 2025 |
| LP | : | |

Appeal from the Order Entered March 19, 2025
In the Court of Common Pleas of Erie County
Civil Division at No(s):  12660-2024

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED: December 30, 2025**

Chester Vendetti appeals from the order of the Erie County Court of Common Pleas sustaining Vendetti Brothers Associates, LP's preliminary objections and dismissing Chester's complaint with prejudice.[1] Chester argues that the trial court erred in dismissing his complaint with prejudice since he pleaded a legally sufficient cause of action. After careful consideration, we reverse and remand.

Chester, Richard, and Donald Vendetti formed a general partnership to engage in real estate business on January 13, 1972. On January 4, 1999, they entered into a partnership agreement converting their prior general

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] For the sake of clarity, we refer to the appellant, Chester Vendetti, by his first name.

partnership into a limited partnership, Vendetti Brothers Associates, LP ("Vendetti Brothers").[2] The partnership agreement set forth the terms of compensation for the general partners and that the general partners could elect to defer their compensation.

On October 29, 2024, Chester filed suit against Vendetti Brothers seeking to collect his deferred compensation. Attached to the complaint was the 1999 partnership agreement, a description of Chester's services, and an invoice. The invoice stated that Chester performed $1,627,400.00 worth of services for which his compensation was deferred.

On December 13, 2024, Vendetti Brothers filed preliminary objections. Vendetti Brothers claimed, under Pa.R.C.P. 1028(a)(3), that the complaint lacked specificity regarding Chester's compliance with the partnership agreement's requirement that the general partners submit monthly records of services rendered. Regarding Chester's request for relief, Vendetti Brothers filed preliminary objections under Pa.R.C.P. 1028(a)(2) and Pa.R.C.P. 1028(a)(3) for failing to specify the relief sought (in violation of Pa.R.C.P. 1021(a)) and failing to provide specificity regarding the amount of compensation that Chester demanded.

On January 13, 2025, Vendetti Brothers filed a brief in support of its preliminary objections. On January 21, 2025, the trial court issued a case

_____

[2] In 2016, Donald was removed as a general partner.

management order scheduling a conference for April 21, 2025. Thereafter, on February 5, 2025, the trial court filed an order continuing the case management conference until May 19, 2025.

On March 19, 2025, based on Vendetti Brothers' preliminary objections and supporting brief and Chester's failure the file a responsive brief within thirty days, as required by Erie County Local Rule of Civil Procedure 1028(c)(2), the trial court issued an order sustaining the preliminary objections and dismissing the complaint with prejudice. Further, the trial court cited to Erie County Local Rule of Civil Procedure 1028(c)(4)(B), which states that if a party does not file a brief within the relevant time period, then the court may "[g]rant the requested relief where . . . the requested relief is supported by law[.]" Erie L.R. 1028(c)(4)(B).

On April 10, 2025, Chester filed a motion for reconsideration. He explained that, because he believed the preliminary objections would be granted with leave to file an amended complaint, instead of filing a response to the preliminary objections he had been preparing an amended complaint. *See* Mot., 4/10/25, at ¶ 4. Further, Chester asserted that the trial court erred in dismissing his complaint with prejudice because he stated a legally sufficient cause of action and the trial court never considered the sufficiency of the complaint. *See id.* at ¶¶ 7-9. On April 17, 2025, the trial court denied Chester's motion for reconsideration.

Chester timely appealed and filed a court ordered concise statement of matters complained of on appeal. *See* Pa.R.A.P. 1925(b). The trial court filed a one-page memorandum in support of its order. *See* Pa.R.A.P. 1925(a).

Chester raises the following issues on appeal.

1. When preliminary objections for a more specific complaint in an action to recover unpaid compensation are granted, because the Plaintiff failed to file a timely response to the preliminary objections, does the law support the dismissal of the action without prejudice.

2. When preliminary objection in the nature of a motion for a more specific complaint in an action to recover unpaid compensation are granted, should the complaint be dismissed with prejudice.

Appellant's Brief, at 4.

Chester's issues are interrelated and will be addressed together.

When reviewing an order sustaining preliminary objections, our standard of review is de novo and our scope of review is plenary. On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the plaintiff's complaint and all reasonable inferences which may be drawn from those facts. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

*Dixon v. Northwestern Mut.*, 146 A.3d 780, 783 (Pa. Super. 2016) (citations, internal quotations marks, and brackets omitted).

Chester argues that dismissal with prejudice for failure to file a timely brief was error because the local rule only allows relief "supported by law" for failing to file a timely brief, and under Pennsylvania law, a court cannot dismiss a complaint with prejudice without considering whether the complaint

- 4 -

sufficiently pled a cause of action. *See* Appellant's Brief, at 8. According to Vendetti Brothers, the trial court did not dismiss Chester's complaint with prejudice solely because he failed to file a responding brief but rather did so because the trial court concluded that the complaint lacked the required specificity to maintain a cause of action. *See* Appellee's Brief, at 10-14.

At issue in this case is the trial court's application of Erie County Local Rule 1028(c). "Every court shall promulgate a local rule, numbered Local Rule 1028(c), which describes the court's procedures for the disposition of preliminary objections[.]" Pa.R.C.P. 239.5(a). These local rules describe the court's procedures for preliminary objections and may impose requirements upon a party including the filing of briefs. *See* Pa.R.C.P. 239.5(a)(1)-(2). Of course, "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." Pa.R.J.A. 103(c)(2); *see also Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP*, 28 A.3d 916, 922 (Pa. Super. 2011) ("[Local] rules have equal weight to those rules established by the Pennsylvania Supreme Court provided that the local rules do not abridge, enlarge or modify the substantive rights of a party.") (citation and quotation marks omitted).

Erie County Local Rule 1028(c) states that, for preliminary objections, "[t]he non-moving party shall file with the Prothonotary's office a responding brief within thirty (30) days of receipt of the objecting party's brief." Erie L.R. 1028(c)(2). If a brief is not filed within the time period then the court may

"[g]rant the requested relief where the non-moving party has failed to comply and **where the requested relief is supported by law**[.]" Erie L.R. 1028(c)(4)(B) (emphasis added). It is undisputed that Chester failed to timely file a brief as required by Erie L.R. 1028(c)(2). We must determine whether under that scenario the trial court's dismissal of Chester's complaint with prejudice was "supported by law[.]"

"Generally, an abuse of discretion occurs if a complaint is dismissed without leave to amend." ***Blackwood, Inc. v. Reading Blue Mountain & Northern Railroad Co.***, 147 A.3d 594, 598 (Pa. Super. 2016) (*en banc*) (citation omitted). Accordingly, "the right to amend should not be withheld where there is some reasonable probability that amendment can be accomplished successfully." ***Id.*** (citation omitted). Notably, "failure of the trial court to consider the sufficiency of the complaint before sustaining preliminary objections and dismissing the case without leave to amend is an abuse of discretion." ***Clark v. Peugh***, 257 A.3d 1260, 1265 (Pa. Super. 2021) (citation and brackets omitted). Thus, "an order sustaining preliminary objections based solely on the failure of a party to file timely a responsive brief or memorandum of law, without considering whether the complaint sufficiently pled a cause of action, amounts to an abuse of discretion." ***Id.*** (citation omitted).

Here, Erie County Local Rule 1028(c) requires the non-moving party to file a responding brief within 30 days of receipt of the objecting party's brief

and grants the trial court discretion in granting relief for failure to file a responsive brief so long as "the requested relief is supported by law[.]" Erie L.R. 1028(c)(2), (4)(B). Chester failed to file a brief as required by the local rule and, based on its March 19, 2025 order and its one-page 1925(a) opinion, the trial court clearly dismissed Chester's complaint with prejudice for that reason. *See* Order, 3/19/25; Trial Court Opinion, 5/29/25.[3] As previously explained, dismissing a complaint with prejudice without considering the legal sufficiency of the complaint is an abuse of discretion. *See Peugh*, 257 A.3d at 1265. Further, "[n]o case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule." Pa.R.J.A. 103(c)(8). Thus, dismissing the complaint with prejudice is not "supported by

_____

[3] In addition to the local rule, the trial court cited to a single case in support of its decision to dismiss the complaint with prejudice. *See* Trial Court Opinion, 5/29/25, at n.2 (citing *Feingold v. Punturi*, 2009 WL 3794892 (C.P. Phila. 2009). Setting aside the lack of precedential value, *Feingold* is clearly distinguishable and does not support dismissal in this case. In *Feingold*, the defendants filed preliminary objections, endorsed with a notice to plead, for pendency of a prior action and lack of capacity to sue. These specific preliminary objections require a response and by failing to respond the plaintiffs admitted to the averments in the preliminary objections. *See* Pa.R.C.P. 1028(c), note; Pa.R.C.P. 1029(b); *see also* Pa.R.C.P. 1026(a) ("no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."). However, in this case, Vendetti Brothers raised preliminary objections, without a notice to plead, for failure to conform to law and insufficient specificity. These preliminary objections (and also demurrers) do not require a response because they may be determined from facts of record. *See* Pa.R.C.P. 1028(c), note. Thus, any averments in the preliminary objections are deemed denied. *See* Pa.R.C.P. 1029(d); *see also* Pa.R.C.P. 1026(a).

law" as contemplated by Erie County Local Rule 1028(c)(4)(B), and the trial court abused its discretion by dismissing the complaint with prejudice.

Accordingly, we are constrained to reverse the trial court's order and remand for the court's determination of whether Chester's complaint sufficiently pleads a cause of action.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/30/2025